LUND v. DICKINSON, STATE AUDITOR.

Opinion delivered December 11, 1916.

PUBLIC FUNDS—LACK OF APPROPRIATION—ISSUANCE OF WARRANT.—
Where no appropriation has been made, the Auditor is not required to issue a warrant to pay for services rendered a department of the State government. (Dickinson v. Clibourn, 125 Ark. 101.)

Appeal from Pulaski Circuit Court; *G. W. Hendricks,* Judge; affirmed.

The appellant, *pro se.*

Act 302 has appropriated the amount appellant claims, and it imposes on the Auditor the duty of issuing the warrant. 42 Ark. 233.

Article 5, § 29, has no application to this fund. 94 Atl. 746; 61 *Id.* 253.

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant, for appellee.

1. Act 302, §§ 7-9, etc., do not constitute an appropriation. Const., art. 5, § 29, article 16, § 12; Kirby's Digest, §§ 3415, 3441, 3409. A specific appropriation must be made. 85 Ark. 171; 120 *Id.* 80.

2. An appropriation must be made every two years. 27 Ark. 129; 50 Neb. 88; 45 Cal. 149; *Dickinson* v. *Clibourn,* 125 Ark. 101.

HART, J. On May 12, 1916, A. M. Lund filed his petition in the circuit court, for mandamus against M. F. Dickinson, Auditor of State, to compel him to

issue a warrant in his favor for services performed as assistant engineer in the Department of State Lands, Highways and Improvements. His petition alleges that on the 20th day of April, 1916, he was appointed as such assistant engineer and directed to make a survey of a proposed road in Pike county; that he made the survey in accordance with his instructions, and submitted a statement of his expenses to the Commissioner of State Lands, Highways and Improvements; that the Commissioner approved his expense account and issued him a voucher therefor in the sum of $34.70; that he presented this voucher to M. F. Dickinson, Auditor of State, and requested him to issue a warrant for said amount on the State Treasurer for the payment of his claim out of the Highway Improvement fund, and that the Auditor refused to issue him a warrant therefor, and filed a demurrer to the petition, which was sustained by the circuit court. The case is here on appeal.

Act 302 of the Acts of 1913, created the State Highway Commission and provided that the Commissioner of State Lands should have charge of the department, and should hereafter be designated as the Commissioner of State Lands, Highways and Improvements. Acts of 1913, page 1179.

The act provides for the appointment of a State Highway Engineer and his assistants, and provides that their expenses shall be paid out of a special fund collected by the State under the terms of the act. The act further provides that the State Treasurer shall pay out the money in the Highway Improvement Fund on warrants of the State, which shall be issued only on voucher of the Commissioner of State Lands, Highways and Improvements. Hence it is urged by counsel for appellant that the act itself provides a method of payment and is a continuing or permanent appropriation which does away with the necessity of further legislative action. The doctrine of fixed or continuing appropriations has never been recognized or approved by this court.

Section 29, article 5, of the Constitution of 1874, provides: "No money shall be drawn from the treasury except in pursuance of specific appropriations made by law, the purpose of which shall be distinctly stated in the bill; and the maximum amount which may be drawn shall be specified in dollars and cents; and no appropriation shall be for a longer period than two years."

Under this section all money must be specifically appropriated and specifically applied. It contains the further limitation that no appropriation shall extend beyond two years. The purpose to be accomplished was to give to the Legislature, alone, the right, and to impose upon it, the duty of designating, periodically, the particular demands against the State, or other objects to which the moneys in the treasury shall be, from time to time, applied, and the amount to each. This construction has already been placed upon this section of the Constitution by the court in the case of *Dickinson, State Auditor,* v. *Clibourn,* 125 Ark. 101, 187 S. W. 909. Therefore, it is unnecessary for us to review the cases cited by counsel for appellant to the contrary. It is only necessary to state that the warrant in question was issued more than two years after the passage of the act creating the State Highway Commission, and that no specific appropriation has been made to pay the expenses for which the warrant in question was asked to be drawn. The case falls squarely within the rule announced in *Dickinson* v. *Clibourn, supra,* and it is not necessary to repeat here the reasons given there for the rule.

The judgment will be affirmed.